IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE POWERS,

    Plaintiff,

  v.

ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al.,

    Defendants.
    _____/

No. 10-01921 CW

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Docket No. 11)

Plaintiff Dale Powers moves to remand this action to state court. Defendant Rockwell Automation, Inc., opposes the motion. The motion was heard on July 15, 2010. Having considered oral argument and all of the papers submitted by the parties, the Court grants Plaintiff's motion.

BACKGROUND

Plaintiff worked as an electrician for North American Aviation at North American Rockwell from 1956 to 1957, and at Hughes Aircraft Company from 1957 to 1989. He also worked briefly at the Jet Propulsion Laboratory (JPL) in Pasadena, California, around 1963 or 1964. Plaintiff's complaint alleges that he was exposed to products containing asbestos during this time, causing him to develop asbestosis and asbestos-related pleural disease.

On May 6, 2009, Plaintiff filed suit in San Francisco Superior Court alleging personal injury against numerous Defendants, including Rockwell. From April 5 to April 8, 2010, Plaintiff was deposed by Rockwell. On April 6, 2010, based on Plaintiff's testimony describing the use of Rockwell electrical equipment in conjunction with the F-100 aircraft, Rockwell notified Plaintiff that it intended to remove the case in order to pursue a military contractor immunity defense in federal court. On April 7, 2010, Plaintiff sent Rockwell a signed declaration stating that his claims excluded liability for "asbestos exposure to or on military or federal government aircraft." Donadio Decl., ¶ 2. Based on Rockwell's judgment that all of the claims against it involved military or federal government aircraft, it asked Plaintiff to dismiss his claims against it. Plaintiff refused.

On May 4, 2010, Rockwell removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

## DISCUSSION

Rockwell argues that it properly removed this action under the federal officer removal statute, which provides that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1).[1]

---

[1]Specifically, § 1442(a)(1) provides:

> A civil or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on

2

1    Generally, removal statutes are to be strictly construed; any
2 doubt as to the right to remove should resolved in favor of
3 remanding to state court.  See, e.g., Gaus v. Miles, Inc., 980 F.2d
4 564, 566 (9th Cir. 1992).  But that is not the case with the
5 federal officer removal statute.  See Durham v. Lockheed Martin
6 Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The Ninth Circuit
7 instructs that there is a "clear command from both Congress and the
8 Supreme Court that when federal officers and their agents are
9 seeking a federal forum, we are to interpret section 1442 broadly
10 in favor of removal."  Id. (noting that the Supreme Court has
11 "insisted that the policy favoring removal 'should not be
12 frustrated by a narrow, grudging interpretation of § 1442(a)(1)'"
13 (quoting Arizona v. Manypenny, 451 U.S. 232, 242 (1981))).

   As the Supreme Court explained in Jefferson County v. Acker,

> It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit.  To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal.  Suits against federal officers are exceptional in this regard.  Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint.

527 U.S. 423, 430-31 (1999) (citations omitted).

   Removal is proper under the federal officer statute if the defendant: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the

---

> account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal office. Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989); Fung v. Abex Corp., 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

The federal defense of military contractor immunity provides, "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988). Here, Rockwell argues that it operated under the direction of the federal government, that it has raised a colorable federal defense of military contractor immunity and that Plaintiff's claims against it pertain to conduct it took under such direction.

However, Plaintiff has disclaimed and waived any claim arising out of or related to "asbestos exposure to or on military or federal government aircraft." Donadio Decl., ¶ 2. Similar waiver language was found to justify remand in a factually similar case, see Westbrook v. Asbestos Defendants, 2001 WL 902642, at *3 (N.D. Cal.), and Plaintiff's waiver justifies remand here. If Plaintiff later attempts to reverse course, and is allowed to do so by the state court despite his express waiver, Rockwell can remove once again. Because Plaintiff's waiver provides a basis for granting his motion to remand, the Court need not address the remainder of

4

the issues presented in the papers.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand. (Docket No. 11). The clerk shall remand the case to San Francisco Superior Court. The case management conference scheduled for September 7, 2010, at 2:00 PM is vacated.

IT IS SO ORDERED.

Dated: July 21, 2010

CLAUDIA WILKEN
United States District Judge